ELECTRONICALLY FILED - 2026 Jan 08 4:30 PM - COLLETON - COMMON PLEAS - CASE#2026CP1500020

| | |
|---|---|
| **STATE OF SOUTH CAROLINA** | **IN THE COURT OF COMMON PLEAS** |
| **COUNTY OF COLLETON** | |
| Theresa Bryan and Carl Rice, | **SUMMONS** |
| Plaintiffs, | (Jury Trial Demanded) |
| vs. | |
| John Doe and DAMR Corporation, | |
| Defendants. | |

**TO THE DEFENDANTS ABOVE-NAMED:**

**YOU ARE HEREBY SUMMONED** and required to answer the complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to this complaint upon the subscriber, at the address shown below, within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to answer the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

|  |  |
|---|---|
|  | **MORGAN & MORGAN, P.A.** |
|  | By:     /s/Jonathan Graham    |
|  | Jonathan D. Graham |
|  | Bar No. 105763 |
|  | E-Mail: jgraham@forthepeople.com |
|  | 4401 Belle Oaks Drive, Suite 300, |
| Charleston, SC | North Charleston, SC 29405 |
|  | (843) 947-6063 |
| January 8, 2026. | *Counsel for Plaintiffs* |

1

ELECTRONICALLY FILED - 2026 Jan 08 4:30 PM - COLLETON - COMMON PLEAS - CASE#2026CP1500020

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF COLLETON<br><br>Theresa Bryan and Carl Rice,<br><br>                              Plaintiffs,<br><br>vs.<br><br>John Doe and DAMR Corporation,<br><br>                              Defendants. | IN THE COURT OF COMMON PLEAS<br><br><br>**COMPLAINT**<br>(Jury Trial Demanded) |

Plaintiffs Theresa Bryan and Carl Rice, by and through their undersigned attorney, complain of Defendants and allege as follows:

**Parties, Venue, and Jurisdiction**

1. Plaintiffs Theresa Bryan and Carl Rice ("Plaintiffs") were members of the public injured in the crash that is the subject of this action (the "Crash"). At all relevant times, Plaintiffs have been residents of the State of Florida.

2. Defendant John Doe ("Defendant Driver") was driving the commercial motor vehicle that smashed into Plaintiffs and caused Plaintiffs' injuries in the Crash. Defendant Drive subsequently fled the scene without stopping; therefore Defendant Driver's residence is currently unknown.

3. Defendant DAMR Corporation ("Defendant Company") is a private company engaged in interstate commerce. Defendant Company is incorporated and has its principal place of business in the state of Illinois.

4. Upon information and belief, at the time of the crash on January 8, 2025, Defendant Driver was an agent of Defendant Company in the course and scope of that agency.

5. Venue is proper in Colleton County because the acts and omissions giving rise to

2

this cause of action took place in Colleton County, as further shown below.

6. This Court has personal jurisdiction over the parties and subject matter jurisdiction over the issues involved in this case.

## General Factual Allegations

7. On January 8, 2025, Defendant Driver was operating a commercial motor vehicle, traveling North in the third lane on Interstate 95 (I-95) in Colleton County.

8. Defendant Driver was an agent of Defendant Company acting in the course and scope of that agency and carrying goods for compensation in interstate commerce on behalf of Defendant Company.

9. Plaintiff Theresa Bryan ("Plaintiff Bryan") was also driving North on I-95 in a commercial motor vehicle with Plaintiff Carl Rice ("Plaintiff Rice") riding as a passenger. Plaintiffs were members of the public, traveling northbound in the second lane.

10. Defendant Driver improperly changed lanes, merging into lane two and crashing into the passenger side of Plaintiff Bryan's vehicle.

11. As a result of Defendant Driver crashing into Plaintiffs, Plaintiffs were injured and are undergoing medical treatment.

## FOR A FIRST CAUSE OF ACTION
(Negligence *per se* Defendant Driver)

12. Plaintiffs incorporate the foregoing paragraphs as if fully repeated verbatim here.

13. Defendant Driver owed Plaintiffs statutory duties to keep his vehicle within his lane and not to move from his lane without first ascertaining that movement could be made safely. *See, e.g.*, S.C. Code Ann. § 56-5-1900(a).

14. Defendant Driver breached his duty to Plaintiffs by operating his commercial motor vehicle at a speed greater than and by following Plaintiffs more closely than was

ELECTRONICALLY FILED - 2026 Jan 08 4:30 PM - COLLETON - COMMON PLEAS - CASE#2026CP1500020

3

reasonable and prudent under the conditions, such that Defendant Driver struck Plaintiffs.

15. Defendant Driver's violation of his statutory duties constitutes negligence *per se.*

16. Defendant Driver's breach of his statutory duties, as described above, is not only negligence *per se*, but is also evidence of recklessness, willfulness, and wantonness sufficient to entitle Plaintiffs to compensatory, consequential, and punitive damages.

17. Defendant Driver's violations of his statutory duties caused Plaintiffs' damages, including but not limited to the following:

    a. Past and future medical expenses,

    b. Emotional distress and anxiety,

    c. Physical pain and suffering,

    d. Mental anguish,

    e. Loss of enjoyment of life, to the detriment of Plaintiffs' physical health and mental wellbeing, and

    f. Other damages as will be shown in the discovery and trial of this case.

18. Because Plaintiffs were injured as a direct result of Defendant Driver's violations of his statutory duties described above, Plaintiffs are entitled to compensatory and consequential damages for their personal injuries and property damage in the amount the jury determines at the trial of this case.

19. Defendant Driver's statutory violations also demonstrate such want of care as to show Defendant Driver was consciously indifferent to the health, rights, and safety of Plaintiffs, and should thus pay punitive damages in the amount the jury determines appropriate to punish Defendant Driver for his reckless conduct, to discourage such reckless conduct in others, and to vindicate Plaintiffs' private rights which Defendant Driver violated. Plaintiffs also request

ELECTRONICALLY FILED - 2026 Jan 08 4:30 PM - COLLETON - COMMON PLEAS - CASE#2026CP1500020

whatever costs, attorney fees, and interest to which this Court determines she is entitled.

## FOR A SECOND CAUSE OF ACTION
(Negligence as to Defendant Driver)

20. Plaintiffs incorporate the foregoing paragraphs as if fully repeated verbatim here.

21. Defendant Driver owed Plaintiffs a common-law duty to do the following:

    a. Keep a proper lookout,

    b. Maintain appropriate attention on the road while driving,

    c. Maintain his vehicle in a roadworthy manner,

    d. Operate his vehicle in a safe manner and at a safe speed, and

    e. Drive in a reasonably careful manner with respect for the rights and safety of others such as Plaintiffs.

22. Defendant Driver breached his duty to Plaintiffs in one or more of the following ways:

    a. Failing to keep a proper lookout,

    b. Driving while distracted,

    c. Failing to observe Plaintiffs' vehicle,

    d. Driving in an unreasonable and careless manner without thought for the rights and safety of others, including Plaintiffs, as shall be further shown in the discovery and trial of this case.

23. Defendant Driver's breach described above was not only negligent, but also grossly negligent, careless, reckless, willful, and wanton.

24. Defendant Driver's negligent, grossly negligent, careless, reckless, willful, and wanton breach of his duty directly and proximately caused Plaintiffs' injuries and Plaintiffs' medical treatment. As a direct result of Defendant Driver's negligence, gross negligence,

ELECTRONICALLY FILED - 2026 Jan 08 4:30 PM - COLLETON - COMMON PLEAS - CASE#2026CP1500020

5

ELECTRONICALLY FILED - 2026 Jan 08 4:30 PM - COLLETON - COMMON PLEAS - CASE#2026CP1500020

carelessness, recklessness, willfulness, and wantonness, Plaintiff has suffered or will suffer the following damages:

a. Past and future medical expenses,

b. Personal property damage,

c. Emotional distress and anxiety,

d. Physical pain and suffering,

e. Mental anguish,

f. Loss of enjoyment of life, to the detriment of Plaintiffs' physical health and mental wellbeing, and

g. Other damages as will be shown in the discovery and trial of this case.

25. Because Plaintiffs were injured as a direct result of Defendant Driver's acts and omissions described above, Plaintiffs are entitled to compensatory and consequential damages for their personal injuries and property damage in the amount the jury determines at the trial of this case.

26. Defendant Driver's acts and omissions demonstrate such want of care as to show Defendant Driver was consciously indifferent both to the consequences of his acts and omissions and to the health, safety, and rights of Plaintiffs' and others. Thus, in addition to Plaintiffs' compensatory damages, Defendant Driver should also pay punitive damages in the amount the jury determines appropriate to punish Defendant Driver for his reckless conduct, to discourage such reckless conduct in others, and to vindicate Plaintiffs private rights which Defendant Driver violated. Plaintiffs also request whatever costs, attorney fees, and interest to which this Court determines they are entitled.

ELECTRONICALLY FILED - 2026 Jan 08 4:30 PM - COLLETON - COMMON PLEAS - CASE#2026CP1500020

## FOR A THIRD CAUSE OF ACTION
(Vicarious Liability as to Defendant Company)

31. Plaintiffs incorporate the foregoing paragraphs as if fully repeated here.

32. At the time of the crash that is the subject of this lawsuit, Defendant Driver was acting as agent on behalf of Defendant Company.

33. Defendant Company, acting through its agent, is therefore vicariously liable for the negligent, careless, reckless, wanton, willful, and grossly negligent acts of Defendant Driver as set forth in the first and second causes of action.

34. Plaintiffs thus ask this Court to enter judgment ordering Defendant Company to pay compensatory, consequential, and punitive damages to Plaintiffs, together with pre- and post-judgment interest and any other relief this Court deems just.

## FOR A FOURTH CAUSE OF ACTION
(Negligent Hiring, Training, Supervision, and Retention as to Defendant Company)

35. Plaintiffs incorporate the foregoing paragraphs as if fully repeated here.

36. Defendant Company was negligent, careless, reckless, wanton, willful, and grossly negligent in hiring, training, supervising, or retaining Defendant Driver to operate a vehicle on Defendant Company's behalf in one or more of the following ways:

   a. Failing to review Defendant Driver's driving history;

   b. Failing to assess Defendant Driver's driving skill;

   c. Hiring Defendant Driver to drive on Defendant Company's behalf despite Defendant Driver's history of unsafe driving;

   d. Failing to have policies and procedures to train or monitor Defendant Driver, or if such policies and procedures were in place, failing to enforce

7

ELECTRONICALLY FILED - 2026 Jan 08 4:30 PM - COLLETON - COMMON PLEAS - CASE#2026CP1500020

them;

e. Failing to ensure Defendant Driver had proper training and experience to operate a vehicle for Defendant Company in a safe and effective manner; and

f. Otherwise failing to investigate Defendant Driver's skill and history with a vehicle, train Defendant Driver in proper driving procedures, supervise Defendant Driver's driving, to release Defendant Driver from employment due to safety issues, or otherwise act as a reasonable employer would under the same or similar circumstances.

37. Defendant Company knew or should have known that hiring, training, supervising, or retaining Defendant Driver posed a risk of foreseeable harm to third parties.

38. Defendant Company's breach of its duty constitutes an independent negligent action which proximately caused harms to Plaintiffs as set forth in the first and second causes of action.

39. Thus, in addition to being vicariously liable for the harm Defendant Driver caused, Defendant Company is also independently liable for those harms, as its own negligence also proximately caused those harms.

40. Plaintiffs thus ask this Court to enter judgment ordering Defendant Company to pay compensatory, consequential, and punitive damages to Plaintiffs, together with pre- and post-judgment interest and any other relief this Court deems just.

**FOR A FIFTH CAUSE OF ACTION**
(Negligent Selection of an Independent Contractor as to Defendant Company)

41. Plaintiffs incorporate the foregoing paragraphs as if repeated verbatim here.

42. In the alternative, Defendant Driver may have been an independent contractor of

8

ELECTRONICALLY FILED - 2026 Jan 08 4:30 PM - COLLETON - COMMON PLEAS - CASE#2026CP1500020

Defendant Company.

43. Defendant Company owed Plaintiffs a duty to exercise reasonable care in selecting an independent contractor who was suitably competent and careful given the risk of harm associated with operating a commercial motor vehicle on public roadways.

44. The risk of harm associated with operating a commercial motor vehicle on public roadways is significant.

45. Defendant Company breached its duty of care in selecting an independent contractor because it knew or should have known that Defendant Driver was not suitably competent and careful given the significant risk of harm associated with operating a commercial motor vehicle on public roadways.

46. Defendant Company's negligent selection of Defendant Driver also proximately caused Plaintiffs' harms as set forth in the first and second causes of action.

47. Defendant Company is therefore independently liable for the harms it caused to Plaintiffs through its negligent selection of Defendant Driver.

48. Plaintiffs thus ask this Court to enter judgment ordering Defendant Company to pay compensatory, consequential, and punitive damages to Plaintiffs, together with pre- and post-judgment interest and any other relief this Court deems just.

**WHEREFORE**, Plaintiffs ask this Court to order Defendants pay them compensatory, consequential, and punitive damages in an amount the jury determines appropriate at trial, as well as such costs, attorney fees, and pre- and post-judgment interest as this Court determines they are entitled to, and such other relief as this Court determines is just.

[*Signature Page to Follow*]

**DEFENDANTS AND THEIR ATTORNEY ARE ADVISED THAT PLAINTIFFS HAS SERVED DISCOVERY REQUESTS WITH THIS SUMMONS AND COMPLAINT, INCLUDING INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS TO ADMIT. RESPONSES TO THESE DISCOVERY REQUESTS ARE DUE WITHIN 45 DAYS PER THE SOUTH CAROLINA RULES OF CIVIL PROCEDURE. IF DEFENSE COUNSEL LACKS COPIES OF ANY DISCOVERY REQUEST, CONTACT PLAINTIFF'S COUNSEL.**

|  |  |
|---|---|
|  | **MORGAN & MORgan, P.A.**<br>By:   /s/Jonathan Graham<br>Jonathan D. Graham<br>Bar No. 105763<br>E-Mail: jgraham@forthepeople.com<br>4401 Belle Oaks Drive, Suite 300, |
| Charleston, SC | North Charleston, SC 29405<br>(843) 947-6063 |
| January 8, 2025. | *Counsel for Plaintiffs* |