IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | | |
|---|---|---|
| Theresa Bryan and Carl Rice, | ) | Case No.: 2:26-cv-00610-DCN |
| | ) | Former Case No.: 2026CP1500020 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | ANSWER OF DEFENDANT DAMR |
| | ) | CORPORATION |
| John Doe and DAMR Corporation, | ) | (Jury Trial Demanded) |
| | ) | |
| | ) | |
| Defendant. | ) | |

**COMES NOW THE DEFENDANT,** DAMR Corporation ("Defendant"), by and through its undersigned attorneys, answering the Complaint of the Plaintiffs, who would allege and show unto the Court:

### FOR A FIRST DEFENSE

1. Each and every allegation of the Plaintiffs' Complaint not specifically admitted herein is denied.

2. Paragraph 1 is admitted to the extent that it alleges that Plaintiffs are residents of the state of Florida. The remaining allegations of Paragraph 1 are denied and Defendant demands strict proof thereof.

3. Defendant lacks sufficient information and belief to form a conclusion as to the allegations of Paragraph 2, and therefore denies same and demands strict proof thereof.

4. Defendant admits so much of Paragraph 3 as alleges that Defendant is a private company incorporated and with a principal place of business in the state of Illinois. To the extent

the remaining allegations of Paragraph 3 are construed against Defendant, same are denied and Defendant demands strict proof thereof.

5. Defendant lacks sufficient information and belief to form a conclusion as to the allegations of Paragraph 4, and therefore denies same and demands strict proof thereof.

6. Upon information and belief, Paragraphs 5 and 6 call for legal conclusions to which no response is required. To the extent a response is required, Defendant denies same and demands strict proof thereof. Further, Defendant affirmatively assert that venue and jurisdiction in this matter properly resides with the United States District Court, District of South Carolina, Charleston Division.

7. Defendant lacks sufficient information and belief to form a conclusion as to the allegations of Paragraphs 7, 8, 9, 10, and 11, and therefore denies same and demands strict proof thereof.

8. Upon information and belief, Paragraph 12 is an incorporation by reference paragraph to which no response is required. To the extent a response is required, Defendant incorporates by reference herein as if set forth verbatim all prior admissions and denials as applicable.

9. Defendant admits so much of Paragraph 13 as alleges that Defendant has duties as prescribed by applicable law. Defendant craves reference to said law and denies any allegation inconsistent therewith.

10. Defendant denies the allegations of Paragraphs 14, 15, 16, 17 (including subparts), 18, and 19, and demands strict proof thereof.

11. Upon information and belief, Paragraph 20 is an incorporation by reference paragraph to which no response is required. To the extent a response is required, Defendant incorporates by reference herein as if set forth verbatim all prior admissions and denials as applicable.

12. Defendant admits so much of Paragraph 21 as alleges that Defendant has duties as prescribed by applicable law. Defendant craves reference to said law and denies any allegation inconsistent therewith.

13. Defendant denies the allegations of Paragraphs 22 (including subparts), 23, 24 (including subparts), 25, and 26, and demands strict proof thereof.

14. Upon information and belief, incorrectly numbered Paragraph 31 is an incorporation by reference paragraph to which no response is required. To the extent a response is required, Defendant incorporates by reference herein as if set forth verbatim all prior admissions and denials as applicable.

15. Defendant lacks sufficient information and belief to form a conclusion as to the allegations of incorrectly numbered Paragraph 32 and therefore denies same and demands strict proof thereof.

16. Defendant denies the allegations of incorrectly numbered Paragraphs 33 and 34 and therefore denies same and demands strict proof thereof.

17. Upon information and belief, incorrectly numbered Paragraph 35 is an incorporation by reference paragraph to which no response is required. To the extent a response is required, Defendant incorporates by reference herein as if set forth verbatim all prior admissions and denials as applicable.

18. Defendant denies the allegations of incorrectly numbered Paragraphs 36 (including subparts), 37, 38, 39, and 40 and demands strict proof thereof.

19. Upon information and belief, incorrectly numbered Paragraph 41 is an incorporation by reference paragraph to which no response is required. To the extent a response is required, Defendant incorporates by reference herein as if set forth verbatim all prior admissions and denials as applicable.

20. Defendant denies the allegations of incorrectly numbered Paragraphs 42, 43, 44, 45, 46, 47, 48, and the paragraph beginning "Wherefore," and demands strict proof thereof.

## FOR A SECOND DEFENSE
**(Comparative Negligence)**

21. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby alleged as if set forth here verbatim.

22. The Defendant would show that such injuries or losses that Plaintiffs sustained, if any, were due to and caused by the sole negligence, gross negligence, willfulness, wantonness, carelessness and recklessness of the Plaintiffs, combining, concurring and contributing with the negligence, if any, on the part of the Defendant, to such a degree that Plaintiffs' recovery is barred by the doctrine of comparative negligence in South Carolina.

## FOR A THIRD DEFENSE
**(Assumption of the Risk)**

23. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby alleged as if set forth here verbatim.

24. The Defendant would show that the Plaintiffs knew of the probable risk of injury or harm resulting from Plaintiffs' actions, and therefore, the Defendant pleads the doctrine of assumption of the risk as a complete bar to this action.

## FOR A FOURTH DEFENSE
### (Intervening or Superseding Negligence)

25. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby alleged as if set forth here verbatim.

26. The Defendant would show that such injuries or losses that the Plaintiffs sustained, if any, as alleged in Plaintiffs' Complaint, were not due to or caused by any negligence on the part of the Defendant, but was rather due to and caused by the contributing, concurring, intervening or superseding fault, breach of warranty or act or omission of a third party, including but not limited to Theresa Bryan, over whom this Defendant had no control.

## FOR A FIFTH DEFENSE
### (Waiver and Estoppel)

27. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby alleged as if set forth here verbatim.

28. The Defendant would show that Plaintiffs' Complaint is barred by the doctrine of waiver and estoppel.

## FOR A SIXTH DEFENSE
### (Punitive Damages)

29. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby alleged as if set forth here verbatim.

30. The Defendant alleges that the Plaintiffs' claim for punitive damages violates both the Fourteenth Amendment to the United States Constitution and Article I, Section 3 of the South Carolina Constitution in that the jury's unfettered power to award punitive damages in any amount it chooses is wholly devoid of any meaningful standard and is inconsistent with due process guarantees.

31. The Defendant alleges that the Plaintiffs' claim for punitive damages violates the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 3 of the South Carolina Constitution because, even if it could be argued the standard governing the imposition of punitive damages exists, the standard would be void due to vagueness.

32. The Defendant alleges that the Plaintiffs' claim for punitive damages violates the equal protection clause of the Fourteenth Amendment to the United States Constitution and Article I, Section 3 of the South Carolina Constitution in that the amount of punitive damages is based upon the wealth of this Defendant.

33. The Defendant alleges that the Plaintiffs' claim of punitive damages violates the doctrine of separation of powers and Article I, Section 3 of the South Carolina Constitution because punitive damages are a creation of the Judicial Branch of government which invades the province of the Legislative Branch of government.

34. The Defendant would show, upon information and belief, that the Plaintiffs' claim for punitive damages violates the Fifth, Sixth, Seventh, Eighth and Fourteenth Amendments to the Constitution of the United States of America in that it violates the double jeopardy clause in that Defendant could be subjected to multiple awards of punitive damages for the same set of facts; the self-incrimination clause is being violated because Defendant can be compelled to give testimony against itself in a penalty situation such as punitive damages; the assessment of punitive damages by

a burden of proof less than beyond a reasonable doubt is violative of the Sixth and Fourteenth Amendments in that punitive damages are a fine or penalty and are, therefore, quasi-criminal in nature; Plaintiffs' claim for punitive damages violates Defendant's right to access the courts as guaranteed by the Seventh and Fourteenth Amendments because the threat of an award of punitive damages chills this Defendant's exercise of that right; the Plaintiffs' claim for punitive damages violates the Eighth Amendment's guarantee that excessive fines shall not be imposed; the Plaintiffs' claim for punitive damages violates both the due process and equal protection clauses of the Fourteenth Amendment in that the standard for awarding either punitive damages is unduly vague and, therefore, violates both procedural and substantive due process safeguards; therefore, the Plaintiffs' claim for punitive damages should be dismissed. Should the punitive damages claim not be dismissed, Defendant pleads all applicable caps on said damages and demands a bifurcated jury trial.

**FOR A SEVENTH DEFENSE**
**(Reservation and Non-Waiver)**

35. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby alleged as if set forth herein verbatim.

36. Defendant has not had an opportunity to conduct sufficient investigation or engage in adequate discovery about the allegations of this lawsuit. Defendant gives notice of the intent to assert any further affirmative defenses that any investigation supports, including, but no limited to, defenses that the action is barred in whole or in part by any applicable statute, contract, release, covenant, or the doctrine of laches. Thus, Defendant reserves the right to amend this pleading to assert any such defenses or other defenses as Defendant may have. Defendant does not waive any defense available to it.

## FOR AN EIGHTH DEFENSE
### (Rule 12(b)(6))

37. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby re-alleged as if set forth herein verbatim.

38. The Defendant would show that Plaintiffs' Complaint fails to state facts sufficient to constitute a cause of action against this Defendant, and therefore must be dismissed in whole or in part pursuant to Rule 12(b)(6) of the *South Carolina Rules of Civil Procedure*.

## FOR A NINTH DEFENSE
### (Spoliation)

39. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby re-alleged as if set forth herein verbatim.

40. The Defendant would show that Plaintiffs' Complaint is barred by the doctrine of spoliation.

## FOR A TENTH DEFENSE
### (Injury by Fellow Servant)

41. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby re-alleged as if set forth herein verbatim.

42. One or more Plaintiffs were injured by the acts or omissions of an individual who was employed at the time by Plaintiffs' employer. The fellow employee's negligence was the sole, actual, and proximate cause of Plaintiffs' injuries. Thus, Plaintiffs cannot recover from Defendant.

**WHEREFORE**, having fully answered, the Defendant pray that the Plaintiffs' Complaint be dismissed with costs, for attorney's fees and such other and further relief this Court deems just and proper.

The Defendant demands a jury trial.

                      Respectfully submitted,

                      **SWEENY, WINGATE & BARROW, P.A.**

                      s/ Aaron J. Hayes
                      Mark S. Barrow Fed. I.D. No. 1220
                      Aaron J. Hayes Fed. I.D. No. 11196
                      Sweeny, Wingate & Barrow, P.A.
                      Post Office Box 12129
                      Columbia, SC  29211
                      (803) 256-2233

                      **ATTORNEYS FOR DEFENDANT DAMR CORPORATION**

Columbia, South Carolina

February 11, 2026

**CERTIFICATE OF SERVICE**

  I, the undersigned legal assistant of the law offices of Sweeny, Wingate & Barrow, P.A., attorneys for the Defendant, DAMR Corporation, do hereby certify that I have served a copy of the foregoing Answer of Defendant DAMR Corporation in connection with the above-referenced case by emailing and mailing a copy of the same by United States Mail to the following address:

> Jonathan D. Graham
> Morgan & Morgan, P.A.
> 4401 Belle Oaks Drive, Suite 300
> North Charleston, SC 29405
> jgraham@forthepeople.com
> *Attorney for Plaintiffs*

                  _____
                  Tiffany N. Nelson

Columbia, South Carolina

February 11, 2026