<span style="color:red">Exhibit A</span>



# S·W·B

## SWEENY WINGATE & BARROW

April 22, 2026

Reply to: Main Office

**Aaron J. Hayes**
**(803) 256-2233**
**ajh@swblaw.com**

**VIA E-MAIL: jgraham@forthepeople.com**
Jonathan D. Graham
Morgan & Morgan
4401 Belle Oaks Drive, 3rd Floor
North Charleston, SC 29405

      RE:    Bryan and Rice v. John Doe and DAMR Corporation,
              Civil Action No.:    2:26-cv-00610-DCN
              Our File:          4187-16734

Dear Jonathan:

Enclosed for service upon you please find Defendant DAMR Corporation's Interrogatories and Requests to Produce to Plaintiffs Theresa Bryan and Carl Rice. Please do not hesitate to contact me with any questions or concerns.

Sincerely,

**SWEENY, WINGATE & BARROW, P.A.**

Aaron J. Hayes

AJH/tnn

Exhibit A

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

# CHARLESTON DIVISION

| | | |
|---|---|---|
| **Theresa Bryan and Carl Rice,** | ) | **Case No.: 2:26-cv-00610-DCN** |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **DEFENDANT DAMR CORPORATION'S** |
| | ) | **INTERROGATORIES TO PLAINTIFF** |
| **John Doe and DAMR Corporation,** | ) | **THERESA BRYAN** |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

**TO:  JONATHAN D. GRAHAM, ESQUIRE, ATTORNEY FOR THE PLAINTIFFS AND TO THE PLAINTIFF ABOVE-NAMED:**

**YOU ARE HEREBY SERVED** the following written Interrogatories on behalf of Defendant DAMR Corporation, to be answered separately and in writing by Plaintiff, within thirty (30) days after the service hereof under the provisions of Rule 33 of the <u>Federal Rules of Civil Procedure</u>.

1.    Give the names, addresses and telephone numbers of persons known to the Plaintiff or counsel to be witnesses concerning the facts of the case and indicate whether or not written or recorded statements have been taken from the witnesses and indicate who has possession of such statements.

2.    For each person known to the Plaintiff or counsel to be a witness concerning the facts of the case, set forth either a summary sufficient to inform the Defendants of the important facts known to or observed by such witness, or provide a copy of any written or recorded statements taken from such witnesses.

3.      Set forth a list of photographs, plats, sketches, videos or other prepared documents and/or material in possession of the Plaintiff that relate to the claim or defense in the case.

4.      Set forth the names and addresses of all physicians (or other medical providers) who have treated the Plaintiff and all hospitals (or other medical facilities) to which the Plaintiff has been admitted (or received treatment at) in connection with said injuries and also set forth a statement of all medical costs involved.

5.      Set forth the names and addresses of all insurance companies which have the coverage (i.e. health and/or accident), related to the claim and set forth the number or numbers of the policies involved and the amount or amounts of coverage provided in each policy.

6.      Set forth an itemized statement of all damages, exclusive of pain and suffering, claimed to have been sustained by the Plaintiff.

7.      List the names and addresses of any expert witness(es) the Plaintiff proposes to use at the trial of the case and a set forth complete summary of the testimony expected from the witness(es).

8.      State whether or not the Plaintiff consumed alcoholic beverages of any type, or consumed any type of medication or drugs within the forty-eight (48) hours immediately preceding the incident referred to in the Complaint.  As to the medication, state the name, amount, frequency and the physicians, if any, who prescribed such medication.

9.      Describe in detail what effects, if any, Plaintiff's injuries have had upon her daily activities.

10.      Has the Plaintiff ever been involved in any other legal actions, either as a Plaintiff or a Defendant?  If so, give the nature of the action, resolution of the action, and counsel of record.

11.     List with specificity any pre- or post-subject incident serious illnesses or injuries sustained by the Plaintiff which resulted in medical treatment or hospitalization, providing the dates of hospitalization, nature of illness or injury, and treating physician.

12.     If the Plaintiff has a prescription for corrective lenses, state how long the Plaintiff has been required to wear prescription lenses and the names and addresses of the Plaintiff's optometrist/ophthalmologist who diagnosed the prescription.

13.     Please state the date Plaintiff has had eye examinations for the past five (5) years and the names and addresses of the optometrist/ophthalmologist who performed such examinations.

14.     Please state the rate of speed Plaintiff's car was traveling at the time of the accident referred to in the Complaint.

15.     Please state Plaintiff's point of origin and destination at the time of the accident referred to in the Complaint.

16.     Please provide the following regarding the Plaintiff and any other occupants(s) in the vehicle at the time of the accident:

(a)     Date of Birth;

(b)     Social Security Number;

(c)     Driver's License Number;

(d)     State in which Driver's License is issued;

(e)     Any name used in the past by the Plaintiff and/or passenger(s) besides the name currently listed on the Driver's License (i.e., maiden name, prior name before a name change, etc.).

17.     Please state Plaintiff's cell phone number(s) as they existed at the time of the collision and currently, as well as the cell phone carrier(s) and account holder name(s). Indicate whether Plaintiff objects to Defendant sending a subpoena to this carrier(s).

18.     Please state Plaintiff's primary care medical provider(s) as of the date of the collision.

19.     Please list all medical providers visited by Plaintiff for three years prior to the subject collision through present.

20.     Does Plaintiff now, or has Plaintiff ever, received disability benefits, any income, pension benefits, or workers' compensation from any state or federal government agency, any persons, employers, or insurers?  If so, please state:

(a)     The nature of such payments;
(b)     The dates Plaintiff received such payments;
(c)     The source, by name and address, of such payments;
(d)     The injuries or disabilities entitling Plaintiff to such payments;
(e)     Whether Plaintiff has any present disability which is, in whole or in part, attributable to such prior injuries or disabilities, and whether such disabilities, and whether such disabilities, if any, existed at the time of the incident alleged in the Complaint.

21.     List the employer name, address, job title, and job description for any job Plaintiff has worked from the age of 18 to present.  Please provide employer phone number and supervisor name.

22.     Describe the make, model, and present location of any phone(s) in Plaintiff's possession at the time of the incident described in the Plaintiff's Complaint.   If Plaintiff is no longer in possession of any phone(s) in Plaintiff's possession on the date of the incident described in the Complaint, describe the last known location of the phone.

23.     List any social media website to which Plaintiff uses and include any usernames which Plaintiff uses for each website.

24.    Identify every exhibit, including demonstrative, which Plaintiff will use at trial.

25.    List the names and address of any person that Plaintiff and/or Plaintiff's counsel and/or anyone acting on behalf of Plaintiff or Plaintiff's counsel that have communicated with any medical provider regarding medical treatment that Plaintiff alleges relate to the accident in this action.  List the dates and contents of each communication.

These Interrogatories shall be deemed continuing so as to require supplemental answers if you or your attorney obtain further information between the time answers are served and the time of trial.

Respectfully submitted,

**SWEENY, WINGATE & BARROW, P.A.**

Mark S. Barrow Fed. I.D. No. 1220
Aaron J. Hayes Fed. I.D. No. 11196
Sweeny, Wingate & Barrow, P.A.
Post Office Box 12129
Columbia, SC  29211
(803) 256-2233

**ATTORNEYS FOR DEFENDANT DAMR CORPORATION**

Columbia, South Carolina

April 22, 2026

Page **5** of **6**

## CERTIFICATE OF SERVICE

I, the undersigned legal assistant of the law offices of Sweeny, Wingate & Barrow, P.A., attorneys for the Defendant, DAMR Corporation, do hereby certify that I have served a copy of the foregoing Defendant DAMR Corporation's Interrogatories to Plaintiff Theresa Bryan in connection with the above-referenced case by emailing a copy of the same by electronic mail, to the following electronic mailing address:

Jonathan D. Graham
Morgan & Morgan, P.A.
4401 Belle Oaks Drive, Suite 300
North Charleston, SC 29405
jgraham@forthepeople.com
*Attorney for Plaintiffs*

Tiffany N. Nelson
_____
Tiffany N. Nelson

Columbia, South Carolina

April 22, 2026

Exhibit A

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

# CHARLESTON DIVISION

| | | |
|---|---|---|
| Theresa Bryan and Carl Rice, | ) | Case No.:  2:26-cv-00610-DCN |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | DEFENDANT DAMR CORPORATION'S |
| | ) | REQUESTS TO PRODUCE TO |
| John Doe and DAMR Corporation, | ) | PLAINTIFF THERESA BRYAN |
| | ) | |
| | ) | |
| Defendants. | ) | |

**TO:   JONATHAN D. GRAHAM, ESQUIRE, ATTORNEY FOR THE PLAINTIFFS AND TO THE PLAINTIFF ABOVE-NAMED:**

The above-named Defendant, DAMR Corporation, requests, pursuant to Rule 34 of the Federal Rules of Civil Procedure, that Plaintiff produce and permit the inspection, copying and/or photographing of:

## DEFINITIONS

The term "documents" or "things" means all writing of any kind, including the originals and all nonidentical copies, whether different from the original by reason of any notation made on such copies or otherwise, including, without limitation, correspondence, memoranda, notes, diaries, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books, prospectuses, interoffice and intraoffice communications, offers; notations of any sort of conversations, telephone calls, meetings, or other communications; bulletins, printed matter, computer printouts, teletypes, telefax, invoices, worksheets, and all drafts, alterations, modifications, changes, and amendments of any of the foregoing graphic or aural records; or representations of any kind, including without limitation, photographs, charts, microfilm,

Page **1** of **10**

Exhibit A

videotape, recordings, and motion pictures, and electronic, mechanical, or electrical records or representations of any kind, including, without limitation, tapes, cassettes, discs, or other records.

The term "all documents" means every document as above defined known to Plaintiff, Plaintiff's agents or counsel, Plaintiff's minor, and each document which can be located or discovered by reasonably diligent efforts.

## REQUESTS TO PRODUCE

1. All documents and tangible things identified in Plaintiff's answers to all interrogatories, including supplemental interrogatories, served by Defendant upon Plaintiff.

2. All documents and tangible things obtained by Plaintiff or anyone acting on Plaintiff's behalf via subpoena, Subpoena Duces Tecum, signed authorization form, or other legal process.

3. All statements, whether written or recorded on a tape recorder or otherwise, given by the Plaintiff, Defendant, their employees, or any other party to this matter.

4. All statements given by either eyewitness or other witnesses to the incidents and matters related to the subject lawsuit which are in the possession of the Plaintiff, whether written or recorded or on a tape or otherwise.

5. All documents, tangible things, and materials of any type Plaintiff has provided to a testifying expert witness.

6. All documents, tangible things, and materials of any type a testifying expert witness has provided to Plaintiff.

7. With regard to any expert witness Plaintiff intends to call as a witness at the trial of this case, please produce:

a) All documents, including a curriculum vitae, that Plaintiff contends will establish the expert's qualifications to testify at trial.

b) A copy of all reports prepared by the expert, including the draft versions of said reports;

c) A copy of each expert's field notes;

d) A copy of all photographs or videotapes taken, utilized, reviewed, or consulted by the expert;

e) A copy of all diagrams or drawings prepared by the expert;

f) A copy of all correspondence to or from any expert, including electronic communications (e-mail);

g) A copy of the fee agreement with the expert;

h) A copy of the time and billing records of the expert;

i) A copy of all articles, treatises, publications, or other authoritative documents which the expert utilized, consulted, or in any way reviewed in the subject action;

j) A copy of all articles, treatises, publications, or other authoritative documents which support the expert's opinions in this action;

k) A copy of all articles, treatises, publications, or other authoritative documents which do not support the expert's opinions in this action;

l) All testing related to the expert's opinion;

m) All documents which establish that the expert's opinion is generally accepted in the field of expertise in which the witness will testify; and

n) All documents indicating that the expert's opinions were subject to peer review.

8.      All documents, statements, memoranda, reports, videos, photographs, plats, diagrams, and materials of any type which relate to the subject action.

9.      All documents and tangible things of whatever nature and description which Plaintiff intends to introduce into evidence or to use for impeachment purposes or as any type of evidence, real or demonstrative, at trial of this case.

10.     All public records and documents obtained by Plaintiff which relate to any party, witness, or issue in the subject action, whether through subpoena, FOIA request, authorization form, or informal request.

11.     All documents and tangible things supporting or relating to Plaintiff's Complaint and any defenses asserted by Defendant, including but not limited to medical records and bills.

12.     If Plaintiff is not in possession of any documents, tangible things, or materials requested herein, but is aware that such items exist, provide a listing of the items and identify who has possession of such items.

13.     All documents, tangible things, or materials relating to any written or recorded statement of Defendant, any person with knowledge of the subject incident, or any potential witnesses concerning any fact relevant to subject action.

14.     All documents, tangible things, or materials regarding an analysis, review, or investigation of the subject incident.

15.     All documents, tangible things, or materials in Plaintiff's possession that relate to the subject action.

16.     A copy of Plaintiff's driver's record.

17.     Copies of any and all text messages, emails, and any other electronic records whatsoever related to the accident in question.

18.    Copies of any and all insurance policies which may provide coverage for the accident at issue in this case.

19.    Screenshots of health app data from any cell phone that Plaintiff has used, **for one year prior to the subject incident to present,** including but not limited to screenshots of:

    a.  Steps summary data for day, week, month, 6 months, and year;
    b.  Active energy data for day, week, month, 6 months, and year;
    c.  Activity data for day, week month, 6 months, and year;
    d.  Walking and running distance day, week, month, 6 months, year;
    e.  Heart rate data for day, week, month, 6 months, year;
    f.  Stand minutes day, week, month, 6 months, year;
    g.  Step length day, week, month, 6 months, year;
    h.  Exercise minutes day, week, month, 6 months, year;
    i.  Sleep data, week, month, 6 month;

20.    Produce all wearable fitness tracking technology data, with respect to daily activity and/or daily strain/recovery, from any wearable fitness technology, including but not limited to a FitBit, Apple Watch, or similar device(s), that you have worn and/or used for any purpose from **one year prior to to the subject incident to present.** Information requested includes, but is not limited to:

    a.  individual workout statistics,
    b.  step tracking statistics,
    c.  sleep tracking statistics,
    d.  individual workout strain data,
    e.  activity levels,
    f.  exercise attainment,
    g.  weight,
    h.  heart rate,
    i.  calories-burned
    j.  statistics,
    k.  respiratory rate statistics,
    l.  "activity ring" data,
    m.  active calories data,
    n.  calories burned data,
    o.  exercise minutes data,
    p.  stand hours data,
    q.  stand minutes data,
    r.  walk distance,

Page **5** of **10**

  s. elevation change data,
  t. sleep stages,
  u. sleep performance,
  v. recovery score/sleep performance,
  w. typical heart rate,
  x. resting heart rate,
  y. heart-rate variability,
  z. blood oxygen levels,
  aa. daily strain score,
  bb. logged physical activity,
  cc. heart rate statistics,

and any and all other data collected, stored, utilized, and/or displayed in any way by all such wearable fitness technology devices. This Request specifically encompasses any such data stored in any medium in any format, including but not limited to any such data originating on or from a wearable fitness technology device stored on any other electronic device. You are further requested to specifically identify the source(s) of all such data.

  21. To the extent not requested already, produce all cell phone-captured health data regarding Plaintiff, **for one year prior to the subject incident to present.** For instance, and by way of example and not limitation, if Plaintiff has an iPhone, please access the Apple Health Data for Plaintiff by following the following steps:

   a. Open Health App:



b.      Click on Icon at top right, circled below:



     c.      Scroll down and click on "Export All Health Data"



22.    The complete expert file for any expert with Plaintiff intends on calling to testify at trial.

If you contend that any item need not be produced, identify such item and set forth the basis for your failure to produce same.

Production should be made within thirty (30) days after the date of service of this Request to the office of Sweeny, Wingate & Barrow, 1515 Lady Street, Columbia, South Carolina. Visual inspection and copies may be made of any and all of the documents.

*Signature Page to Follow*

Page **8** of **10**

Respectfully submitted,

**SWEENY, WINGATE & BARROW, P.A.**

_____

Mark S. Barrow Fed. I.D. No. 1220
Aaron J. Hayes Fed. I.D. No. 11196
Sweeny, Wingate & Barrow, P.A.
Post Office Box 12129
Columbia, SC 29211
(803) 256-2233

**ATTORNEYS FOR DEFENDANT DAMR
CORPORATION**

Columbia, South Carolina

April 22, 2026

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned legal assistant of the law offices of Sweeny, Wingate & Barrow, P.A., attorneys for the Defendant, DAMR Corporation, do hereby certify that I have served a copy of the foregoing Defendant DAMR Corporation's Requests to Produce to Plaintiff Theresa Bryan in connection with the above-referenced case by emailing a copy of the same by electronic mail, to the following electronic mailing address:

> Jonathan D. Graham
> Morgan & Morgan, P.A.
> 4401 Belle Oaks Drive, Suite 300
> North Charleston, SC 29405
> jgraham@forthepeople.com
> *Attorney for Plaintiffs*

_____
Tiffany N. Nelson

Columbia, South Carolina

April 22, 2026

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

## CHARLESTON DIVISION

| | | |
|---|---|---|
| **Theresa Bryan and Carl Rice,** | ) | **Case No.: 2:26-cv-00610-DCN** |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **DEFENDANT DAMR CORPORATION'S** |
| | ) | **INTERROGATORIES TO PLAINTIFF** |
| **John Doe and DAMR Corporation,** | ) | **CARL RICE** |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

**TO:    JONATHAN D. GRAHAM, ESQUIRE, ATTORNEY FOR THE PLAINTIFFS AND TO THE PLAINTIFF ABOVE-NAMED:**

**YOU ARE HEREBY SERVED** the following written Interrogatories on behalf of Defendant DAMR Corporation, to be answered separately and in writing by Plaintiff, within thirty (30) days after the service hereof under the provisions of Rule 33 of the Federal Rules of Civil Procedure.

1.    Give the names, addresses and telephone numbers of persons known to the Plaintiff or counsel to be witnesses concerning the facts of the case and indicate whether or not written or recorded statements have been taken from the witnesses and indicate who has possession of such statements.

2.    For each person known to the Plaintiff or counsel to be a witness concerning the facts of the case, set forth either a summary sufficient to inform the Defendants of the important facts known to or observed by such witness, or provide a copy of any written or recorded statements taken from such witnesses.

Page **1** of **6**

3.    Set forth a list of photographs, plats, sketches, videos or other prepared documents and/or material in possession of the Plaintiff that relate to the claim or defense in the case.

4.    Set forth the names and addresses of all physicians (or other medical providers) who have treated the Plaintiff and all hospitals (or other medical facilities) to which the Plaintiff has been admitted (or received treatment at) in connection with said injuries and also set forth a statement of all medical costs involved.

5.    Set forth the names and addresses of all insurance companies which have the coverage (i.e. health and/or accident), related to the claim and set forth the number or numbers of the policies involved and the amount or amounts of coverage provided in each policy.

6.    Set forth an itemized statement of all damages, exclusive of pain and suffering, claimed to have been sustained by the Plaintiff.

7.    List the names and addresses of any expert witness(es) the Plaintiff proposes to use at the trial of the case and a set forth complete summary of the testimony expected from the witness(es).

8.    State whether or not the Plaintiff consumed alcoholic beverages of any type, or consumed any type of medication or drugs within the forty-eight (48) hours immediately preceding the incident referred to in the Complaint.  As to the medication, state the name, amount, frequency and the physicians, if any, who prescribed such medication.

9.    Describe in detail what effects, if any, Plaintiff's injuries have had upon her daily activities.

10.    Has the Plaintiff ever been involved in any other legal actions, either as a Plaintiff or a Defendant?  If so, give the nature of the action, resolution of the action, and counsel of record.

Page **2** of **6**

11.     List with specificity any pre- or post-subject incident serious illnesses or injuries sustained by the Plaintiff which resulted in medical treatment or hospitalization, providing the dates of hospitalization, nature of illness or injury, and treating physician.

12.     If the Plaintiff has a prescription for corrective lenses, state how long the Plaintiff has been required to wear prescription lenses and the names and addresses of the Plaintiff's optometrist/ophthalmologist who diagnosed the prescription.

13.     Please state the date Plaintiff has had eye examinations for the past five (5) years and the names and addresses of the optometrist/ophthalmologist who performed such examinations.

14.     Please state the rate of speed Plaintiff's car was traveling at the time of the accident referred to in the Complaint.

15.     Please state Plaintiff's point of origin and destination at the time of the accident referred to in the Complaint.

16.     Please provide the following regarding the Plaintiff and any other occupants(s) in the vehicle at the time of the accident:

(a)     Date of Birth;

(b)     Social Security Number;

(c)     Driver's License Number;

(d)     State in which Driver's License is issued;

(e)     Any name used in the past by the Plaintiff and/or passenger(s) besides the name currently listed on the Driver's License (i.e., maiden name, prior name before a name change, etc.).

17.     Please state Plaintiff's cell phone number(s) as they existed at the time of the collision <u>and currently</u>, as well as the cell phone carrier(s) and account holder name(s). Indicate whether Plaintiff objects to Defendant sending a subpoena to this carrier(s).

18.     Please state Plaintiff's primary care medical provider(s) as of the date of the collision.

19.     Please list all medical providers visited by Plaintiff for three years prior to the subject collision through present.

20.     Does Plaintiff now, or has Plaintiff ever, received disability benefits, any income, pension benefits, or workers' compensation from any state or federal government agency, any persons, employers, or insurers?  If so, please state:

      (a)     The nature of such payments;
      (b)     The dates Plaintiff received such payments;
      (c)     The source, by name and address, of such payments;
      (d)     The injuries or disabilities entitling Plaintiff to such payments;
      (e)     Whether Plaintiff has any present disability which is, in whole or in part, attributable to such prior injuries or disabilities, and whether such disabilities, and whether such disabilities, if any, existed at the time of the incident alleged in the Complaint.

21.     List the employer name, address, job title, and job description for any job Plaintiff has worked from the age of 18 to present.  Please provide employer phone number and supervisor name.

22.     Describe the make, model, and present location of any phone(s) in Plaintiff's possession at the time of the incident described in the Plaintiff's Complaint.  If Plaintiff is no longer in possession of any phone(s) in Plaintiff's possession on the date of the incident described in the Complaint, describe the last known location of the phone.

23.     List any social media website to which Plaintiff uses and include any usernames which Plaintiff uses for each website.

Page **4** of **6**

24.     Identify every exhibit, including demonstrative, which Plaintiff will use at trial.

25.     List the names and address of any person that Plaintiff and/or Plaintiff's counsel and/or anyone acting on behalf of Plaintiff or Plaintiff's counsel that have communicated with any medical provider regarding medical treatment that Plaintiff alleges relate to the accident in this action.  List the dates and contents of each communication.

These Interrogatories shall be deemed continuing so as to require supplemental answers if you or your attorney obtain further information between the time answers are served and the time of trial.

Respectfully submitted,

**SWEENY, WINGATE & BARROW, P.A.**

_____
Mark S. Barrow Fed. I.D. No. 1220
Aaron J. Hayes Fed. I.D. No. 11196
Sweeny, Wingate & Barrow, P.A.
Post Office Box 12129
Columbia, SC  29211
(803) 256-2233

**ATTORNEYS FOR DEFENDANT DAMR CORPORATION**

Columbia, South Carolina

April 22, 2026

## CERTIFICATE OF SERVICE

I, the undersigned legal assistant of the law offices of Sweeny, Wingate & Barrow, P.A., attorneys for the Defendant, DAMR Corporation, do hereby certify that I have served a copy of the foregoing Defendant DAMR Corporation's Interrogatories to Plaintiff Carl Rice in connection with the above-referenced case by emailing a copy of the same by electronic mail, to the following electronic mailing address:

Jonathan D. Graham
Morgan & Morgan, P.A.
4401 Belle Oaks Drive, Suite 300
North Charleston, SC 29405
jgraham@forthepeople.com
*Attorney for Plaintiffs*

Tiffany N. Nelson
_____
Tiffany N. Nelson

Columbia, South Carolina

April 22, 2026

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

# CHARLESTON DIVISION

| | | |
|---|---|---|
| Theresa Bryan and Carl Rice, | ) | Case No.: **2:26-cv-00610-DCN** |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **DEFENDANT DAMR CORPORATION'S** |
| | ) | **REQUESTS TO PRODUCE TO** |
| John Doe and DAMR Corporation, | ) | **PLAINTIFF CARL RICE** |
| | ) | |
| | ) | |
| Defendants. | ) | |

**TO:**   **JONATHAN D. GRAHAM, ESQUIRE, ATTORNEY FOR THE PLAINTIFFS AND TO THE PLAINTIFF ABOVE-NAMED:**

The above-named Defendant, DAMR Corporation, requests, pursuant to Rule 34 of the Federal Rules of Civil Procedure, that Plaintiff produce and permit the inspection, copying and/or photographing of:

## DEFINITIONS

The term "documents" or "things" means all writing of any kind, including the originals and all nonidentical copies, whether different from the original by reason of any notation made on such copies or otherwise, including, without limitation, correspondence, memoranda, notes, diaries, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books, prospectuses, interoffice and intraoffice communications, offers; notations of any sort of conversations, telephone calls, meetings, or other communications; bulletins, printed matter, computer printouts, teletypes, telefax, invoices, worksheets, and all drafts, alterations, modifications, changes, and amendments of any of the foregoing graphic or aural records; or representations of any kind, including without limitation, photographs, charts, microfilm,

Page **1** of **10**

videotape, recordings, and motion pictures, and electronic, mechanical, or electrical records or representations of any kind, including, without limitation, tapes, cassettes, discs, or other records.

The term "all documents" means every document as above defined known to Plaintiff, Plaintiff's agents or counsel, Plaintiff's minor, and each document which can be located or discovered by reasonably diligent efforts.

## <u>REQUESTS TO PRODUCE</u>

1.     All documents and tangible things identified in Plaintiff's answers to all interrogatories, including supplemental interrogatories, served by Defendant upon Plaintiff.

2.     All documents and tangible things obtained by Plaintiff or anyone acting on Plaintiff's behalf via subpoena, Subpoena Duces Tecum, signed authorization form, or other legal process.

3.     All statements, whether written or recorded on a tape recorder or otherwise, given by the Plaintiff, Defendant, their employees, or any other party to this matter.

4.     All statements given by either eyewitness or other witnesses to the incidents and matters related to the subject lawsuit which are in the possession of the Plaintiff, whether written or recorded or on a tape or otherwise.

5.     All documents, tangible things, and materials of any type Plaintiff has provided to a testifying expert witness.

6.     All documents, tangible things, and materials of any type a testifying expert witness has provided to Plaintiff.

7.     With regard to any expert witness Plaintiff intends to call as a witness at the trial of this case, please produce:

a) All documents, including a curriculum vitae, that Plaintiff contends will establish the expert's qualifications to testify at trial.

b) A copy of all reports prepared by the expert, including the draft versions of said reports;

c) A copy of each expert's field notes;

d) A copy of all photographs or videotapes taken, utilized, reviewed, or consulted by the expert;

e) A copy of all diagrams or drawings prepared by the expert;

f) A copy of all correspondence to or from any expert, including electronic communications (e-mail);

g) A copy of the fee agreement with the expert;

h) A copy of the time and billing records of the expert;

i) A copy of all articles, treatises, publications, or other authoritative documents which the expert utilized, consulted, or in any way reviewed in the subject action;

j) A copy of all articles, treatises, publications, or other authoritative documents which support the expert's opinions in this action;

k) A copy of all articles, treatises, publications, or other authoritative documents which do not support the expert's opinions in this action;

l) All testing related to the expert's opinion;

m) All documents which establish that the expert's opinion is generally accepted in the field of expertise in which the witness will testify; and

n) All documents indicating that the expert's opinions were subject to peer review.

8.     All documents, statements, memoranda, reports, videos, photographs, plats, diagrams, and materials of any type which relate to the subject action.

9.     All documents and tangible things of whatever nature and description which Plaintiff intends to introduce into evidence or to use for impeachment purposes or as any type of evidence, real or demonstrative, at trial of this case.

10.     All public records and documents obtained by Plaintiff which relate to any party, witness, or issue in the subject action, whether through subpoena, FOIA request, authorization form, or informal request.

11.     All documents and tangible things supporting or relating to Plaintiff's Complaint and any defenses asserted by Defendant, including but not limited to medical records and bills.

12.     If Plaintiff is not in possession of any documents, tangible things, or materials requested herein, but is aware that such items exist, provide a listing of the items and identify who has possession of such items.

13.     All documents, tangible things, or materials relating to any written or recorded statement of Defendant, any person with knowledge of the subject incident, or any potential witnesses concerning any fact relevant to subject action.

14.     All documents, tangible things, or materials regarding an analysis, review, or investigation of the subject incident.

15.     All documents, tangible things, or materials in Plaintiff's possession that relate to the subject action.

16.     A copy of Plaintiff's driver's record.

17.     Copies of any and all text messages, emails, and any other electronic records whatsoever related to the accident in question.

18.    Copies of any and all insurance policies which may provide coverage for the accident at issue in this case.

19.    Screenshots of health app data from any cell phone that Plaintiff has used, **for one year prior to the subject incident to present,** including but not limited to screenshots of:

    a.    Steps summary data for day, week, month, 6 months, and year;
    b.    Active energy data for day, week, month, 6 months, and year;
    c.    Activity data for day, week month, 6 months, and year;
    d.    Walking and running distance day, week, month, 6 months, year;
    e.    Heart rate data for day, week, month, 6 months, year;
    f.    Stand minutes day, week, month, 6 months, year;
    g.    Step length day, week, month, 6 months, year;
    h.    Exercise minutes day, week, month, 6 months, year;
    i.    Sleep data, week, month, 6 month;

20.    Produce all wearable fitness tracking technology data, with respect to daily activity and/or daily strain/recovery, from any wearable fitness technology, including but not limited to a FitBit, Apple Watch, or similar device(s), that you have worn and/or used for any purpose from **one year prior to to the subject incident to present.** Information requested includes, but is not limited to:

    a.    individual workout statistics,
    b.    step tracking statistics,
    c.    sleep tracking statistics,
    d.    individual workout strain data,
    e.    activity levels,
    f.    exercise attainment,
    g.    weight,
    h.    heart rate,
    i.    calories-burned
    j.    statistics,
    k.    respiratory rate statistics,
    l.    "activity ring" data,
    m.    active calories data,
    n.    calories burned data,
    o.    exercise minutes data,
    p.    stand hours data,
    q.    stand minutes data,
    r.    walk distance,

Exhibit A

  s. elevation change data,
  t. sleep stages,
  u. sleep performance,
  v. recovery score/sleep performance,
  w. typical heart rate,
  x. resting heart rate,
  y. heart-rate variability,
  z. blood oxygen levels,
  aa. daily strain score,
  bb. logged physical activity,
  cc. heart rate statistics,

and any and all other data collected, stored, utilized, and/or displayed in any way by all such wearable fitness technology devices. This Request specifically encompasses any such data stored in any medium in any format, including but not limited to any such data originating on or from a wearable fitness technology device stored on any other electronic device. You are further requested to specifically identify the source(s) of all such data.

21. To the extent not requested already, produce all cell phone-captured health data regarding Plaintiff, **for one year prior to the subject incident to present.** For instance, and by way of example and not limitation, if Plaintiff has an iPhone, please access the Apple Health Data for Plaintiff by following the following steps:

  a. Open Health App:

Exhibit A



b.      Click on Icon at top right, circled below:



c.     Scroll down and click on "Export All Health Data"



22.     The complete expert file for any expert with Plaintiff intends on calling to testify at trial.

If you contend that any item need not be produced, identify such item and set forth the basis for your failure to produce same.

Production should be made within thirty (30) days after the date of service of this Request to the office of Sweeny, Wingate & Barrow, 1515 Lady Street, Columbia, South Carolina.  Visual inspection and copies may be made of any and all of the documents.

*Signature Page to Follow*

Page **8** of **10**

Respectfully submitted,

**SWEENY, WINGATE & BARROW, P.A.**

_____

Mark S. Barrow Fed. I.D. No. 1220
Aaron J. Hayes Fed. I.D. No. 11196
Sweeny, Wingate & Barrow, P.A.
Post Office Box 12129
Columbia, SC  29211
(803) 256-2233

**ATTORNEYS FOR DEFENDANT DAMR
CORPORATION**

Columbia, South Carolina

April 22, 2026

## CERTIFICATE OF SERVICE

I, the undersigned legal assistant of the law offices of Sweeny, Wingate & Barrow, P.A., attorneys for the Defendant, DAMR Corporation, do hereby certify that I have served a copy of the foregoing Defendant DAMR Corporation's Requests to Produce to Plaintiff Carl Rice in connection with the above-referenced case by emailing a copy of the same by electronic mail, to the following electronic mailing address:

Jonathan D. Graham
Morgan & Morgan, P.A.
4401 Belle Oaks Drive, Suite 300
North Charleston, SC 29405
jgraham@forthepeople.com
*Attorney for Plaintiffs*

Tiffany N. Nelson
Tiffany N. Nelson

Columbia, South Carolina

April 22, 2026